UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61238-Civ-SCOLA

TODD DEEHL,

 Plaintiff,

vs.

MAKO SURGICAL CORP.,
MAURICE R. FERRE, et al.,

 Defendants,
_____/

## ORDER REQUIRING AMENDED COMPLAINT

 THIS MATTER is before the Court on an independent review of the record. Federal courts are obligated to conduct a preliminary examination of the pleadings to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Upon review of the Complaint, the Court is not certain whether it has subject matter jurisdiction over this action because Plaintiff has failed to properly plead diversity.

 Plaintiff brought this matter under the Court's diversity jurisdiction, alleging complete diversity between the parties. *See* Compl. ¶ 9. As to Defendant MAKO Surgical Corp., however, Plaintiff has not properly alleged its principal place of business. Under 28 U.S.C § 1332(c)(1), a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. A corporation's principal place of business is determined by its "total activities," and must take into account its "nerve center" and its "place of activities." *See Crockett v. Securitas Sec. Servs. USA, Inc.*, 278 F. App'x 863, 864-65 (11th Cir. 2007).

 Here, the Complaint fails to allege the Defendant's principal place of business; instead, it alleges that the corporation has "principal executive offices" located in Florida. Compl. ¶ 13. These allegations do not suffice because the place of a corporation's "principal executive offices" does not necessarily correlate to the location of its principal place of business under the "total activities" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010) (allegations regarding corporation's "principal executive offices," as set forth in SEC form, insufficient to establish location of corporation's "nerve center," and thus its principal place of business, for diversity purposes).

In sum, having examined the Complaint, the Court finds the jurisdictional allegations to be lacking. On the basis of the present allegations, the Court is unable to fully satisfy itself that it has subject matter jurisdiction over this controversy. Accordingly, it is hereby **ORDERED and ADJUDGED** that the Plaintiff shall file an **Amended Complaint** adequately alleging diversity jurisdiction on or before **June 29, 2012**. *Failure to file an Amended Complaint within this timeframe will result in dismissal of this action without prejudice, without further notice.*

**DONE and ORDERED** in chambers at Miami, Florida on June 25, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Robin S. Rosenbaum, U.S. Magistrate Judge
Counsel of record