UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61238-CIV-COHN/SELTZER

IN RE MAKO SURGICAL CORPORATION
DERIVATIVE LITIGATION
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR LEAVE TO AMEND AND DISMISSING CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Enlargement of Time to File a Motion for Leave to Amend [DE 71] ("Motion"). The Court has reviewed the Motion, Defendants' Response [DE 72] ("Response"), Plaintiff's Reply [DE 73], the record in the case, and is otherwise advised in the premises.

In the Motion, Plaintiff seeks a sixty-day extension of time to file his motion for leave to file an amended complaint while he pursues his right to enforce an inspection demand in Delaware or Florida state court. Motion at 1. Alternatively, if the Court is inclined to deny the Motion, Plaintiff requests that this action be dismissed without prejudice so that it may be re-filed after Plaintiff has been able to review documents obtained through the inspection. Id. at 2. Defendants oppose the Motion, arguing that Plaintiff's request for an inspection is tantamount to an "eleventh-hour fishing expedition." Response at 1. Defendants also point out that it is unlikely that any potential enforcement lawsuit could be resolved within 60 days. Id. at 3. Defendants also request that if the Court denies the Motion that this case be dismissed with prejudice. Id. at 10.

The Court agrees with Plaintiff that Delaware law appears to support his right to make an inspection demand pursuant to 8 Del. C. § 220 to re-plead his derivative

complaint. See King v. Verifone Holdings, Inc., 12 A.3d 1140, 1150 (Del. 2011) ("The result we reach here reaffirms longstanding Delaware precedent which recognizes that it is a proper purpose under Section 220 to inspect books and record that would aid the plaintiff in pleading demand futility in a to-be-amended complaint in a plenary derivative action, where the earlier-filed plenary complaint was dismissed on demand futility-related grounds without prejudice and with leave to amend." ).  However, the Court finds that it is unlikely that any inspection demand enforcement matter will be resolved within the sixty-day extension requested by Plaintiff.  Additionally, the Court has not concluded that any further amendment of the complaint would be futile.  Thus, Defendants' request that the case be dismissed with prejudice is not warranted at this stage.  Because the Court is unwilling to allow this case to languish indefinitely while Plaintiff's inspection demand is adjudicated in state court, the Court finds that denial of the Motion and dismissal of the case without prejudice would best serve the interests of justice and judicial economy in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Enlargement of Time to File a Motion for Leave to Amend [DE 71] is **DENIED**;

2. This case is **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of August, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

2

Copies provided to counsel of record via CM/ECF.